IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MONKO NAVY YARD, LLC** | * | |
| **125 L Street SE** | * | |
| **WASHINGTON, D.C.  20003** | * | Case No.: _____ |
| | * | |
| **Plaintiff,** | * | |
| v. | * | |
| | * | |
| **SOK C. REED** | * | |
| **2500 Massey Court** | * | |
| **Alexandria, Virginia 22303** | * | |
| | * | |
| **Defendant.** | * | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Monko Navy Yard, LLC ("MNY"), by and through its undersigned counsel, hereby sues Defendant, Sok C. Reed ("Reed" and/or "Landlord"), and alleges as follows:

**PARTIES**

1. MNY is a District of Columbia limited liability company, whose principal place of business is listed with the District of Columbia Department of Licensing and Consumer Protection at 125 L Street SE, Washington, D.C.  20003 and whose members are residents of the District of Columbia.

2. The members of MNY are Terrence White, Barry Vuong and Thomas Kadida. Each of the said individuals resides in the District of Columbia.

3. Sok C. Reed is a resident of the Commonwealth of Virginia residing at 2500 Massey Court, Alexandria, Virginia 22303.

**JURISDICTION**

4. Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1332, as Plaintiff and Defendant are diverse in citizenship and the matters in controversy, in the aggregate, exceeds

$75,000.00.

5. Jurisdiction is further appropriate based upon 28 United States Ann. Code § 2201 et seq. (the "Declaratory Judgment Act").

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as Defendant is subject to the personal jurisdiction of this Court in that they maintain sufficient contacts with the District of Columbia.  Moreover, the underlying tenancy from which this action arises is located within the District of Columbia.

**BACKGROUND FACTS**

7. Pursuant to a grant of deed dated August 17, 2004 bearing Instrument No. 2004117066, Sok C. Reed is the fee simple owner of that certain real property identified as Lot 38 within Square N-743 located at and about 125 L Street, SE, Washington, DC 20003 (hereinafter the "Property"), a two story commercial building with a rooftop deck in the Navy Yard neighborhood of Washington, D.C.  A photo of the Property is shown below:



8. On or about March 13, 2024 Reed entered into a Deed of Lease (hereinafter the "Lease") with Kadida Development Group LLC (hereinafter "KDG"), pursuant to which Reed leased the Property to KDG (hereinafter the "Premises") for an initial term of five (5) years, together with, *inter alia*, a first right of refusal to purchase the Property (the "Right of First Refusal").

9. On or about April 29, 2024 Reed and KDG entered into an Amended Deed of Lease (the "Amended Lease") to correct certain terms of the Lease.

10. The Amended Lease provided at ¶ 57 that KDG may assign the Lease to any entity in which KDG or Thomas Kadida (hereinafter "Kadida") is an owner or partial owner.[1]

11. The Amended Lease further provided at ¶ 58 that the renewal options and option space rights are not personal to KDG and are fully transferable.

12. The Amended Lease further provided, at ¶ 47, that KDG shall have the right to assign its right of first refusal.

13. KDG and MNY entered into an Assignment and Assumption of Lease agreement (hereinafter the "Assignment"), pursuant to which KDG assigned all of its rights, title and interest within the Premises to MNY effective June 1, 2024.

14. Thereafter KDG requested that Monko advance funds to cover the security deposit required under the Lease. On or about May 3, 2024 Terrence White, acting as an agent of Monko, delivered $17,000 to Landlord for payment of the security deposit.

15. Upon information and belief, Reed and KDG and/or Kadida, acting as an agent of assignee MNY, agreed that rent for the Premises would not begin to be due until January 1, 2025.

---

[1] As provided supra, Thomas Kadida is a member of MNY.

16. Thereafter, in early January 2025, Kadida informed MNY that the Amended Lease was terminated.

17. MNY, as assignee of the Lease and Amended Lease, did not authorize Kadida to terminate the Lease or Amended Lease, and in fact, believe that the Amended Lease was not, in fact, terminated.

18. Upon information and belief, KDG and/or Kadida in fact attempted to 'double-cross' MNY, and purported to sublease the Premise to another person or entity at a rental rate higher than the rental rate of the Amended Lease.

19. However, as assignee of all of KDG's right, title and interest arising from the Amended Lease by way of the Assignment, any such purported conduct by KDG is null, void and of no effect, as MNY is and was the assignee of the Amended Lease.

20. On or about early February 2025, MNY, through counsel, attempted to inform Reed with regard to, *inter alia*, the Assignment, MNY's status as assignee of the Amended Lease, MNY's rightful claim to access the Premise and, *inter alia*, the Right of First Refusal.

21. Reed refused to deal with MNY as the rightful assignee of the Amended Lease, refused to recognize the Right of First Refusal as belonging to MNY, and otherwise refused to attribute any right, title or interest of the Amended Lease to MNY, despite MNY's right to the same by way of the Assignment.

## **COUNT I**
(*Declaratory Judgment*)

22. Plaintiff incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

23. There exists an actual and justiciable controversy between Plaintiff and Defendant with regard to, *inter alia*, the Premises, the Amended Lease and the Right of First Refusal, namely

the obligation of Reed to recognize MNY as the rightful assignee of all of KDG's right, title and interest within the Amended Lease.

24. This matter involves the rights and liabilities of the parties which issue is within the jurisdiction of this Court.

25. Antagonistic claims are present between the parties, which claims indicate imminent and inevitable litigation.

26. A declaratory judgment by the Court will terminate the controversy.

27. On account of Reed's aforesaid conduct, Plaintiff has incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

**WHEREFORE**, Plaintiff requests that this Court determine and adjudicate, by way of a declaratory judgment, Plaintiff's right, title and interest to the Premises, the Amended Lease and the Right of First Refusal, and for such further relief as the Court may deem just.

    Respectfully submitted,

    **KATZ LAW**

BY:   */s/ Joseph L. Katz*
      Joseph L. Katz  MD# 28029
      1370 Lamberton Drive, Suite 16
      Silver Spring, Maryland  20902
      (410) 499-2615
      joe@joekatzlaw.com

    **Attorneys for Plaintiff**
    **Monko Navy Yard, LLC**